IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MINH NGUYEN, | |
| Petitioner, | No. C 09-03980 JSW |
| v. | |
| MATTHEW CATE, Secretary, Department of Corrections, | **ORDER TO SHOW CAUSE** |
| Respondent. | |

Petitioner Mike Minh Nguyen, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted in the Superior Court of the State of California in and for the County of Santa Clara for violation of California Penal Code §§ 269, 261(a)(2) for aggravated sexual assault of a child under 14 by committing rape, violation of California Penal Code §§ 269, 286 for aggravated sexual assault of a child under 14 by committing sodomy, and violation of California Penal Code § 288(b)(1) for committing a lewd or lascivious act on a child by force. On June 28, 2006, he was sentenced to a term of "45 years to life consecutive to 24 years." (Pet. at 2.)

Petitioner unsuccessfully appealed his conviction to the appellate department of the Superior Court. Petitioner additionally filed a petition for writ of habeas corpus raising the same issues as presented in his federal habeas in California Court of Appeal and in the Supreme

1  Court of California, which denied his petition for review on June 11, 2008.  This is Petitioner's
2  first federal habeas petition.

## DISCUSSION

### A.  Legal Standard.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B.  Petitioner's Legal Claims.

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) ineffective assistance of counsel; (2) insufficient evidence of the crimes for which he was convicted; (3) admission of a question and answer from the preliminary hearing deprived Petitioner of his right to a fair trial and to confrontation; and (4) closing arguments regarding facts not in evidence deprived Petitioner of his rights to confrontation, cross-examination, and the assistance of counsel.  Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1.  The Clerk shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent.  The Clerk shall also serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing

1  Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

2  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the

3  administrative record that are relevant to a determination of the issues presented by the petition.

4      3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

5  with the Court and serving it on Respondent within 30 days of his receipt of the answer.

6  **IT IS SO ORDERED.**

8  Dated: December 23, 2009

           *Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3